THE WESTERN UNION TELEGRAPH COMPANY v. O. W. CARTER.

No. 110.

1. **Telegraph Company — Damages for Mental Anguish.**—Where plaintiff sent by telegram an order for a coffin for the body of his minor son, and owing to negligence of the telegraph company in delivering the message the interment was delayed for twenty-four hours, during which the body began to decompose and became very offensive, plaintiff's grief and mental anguish in consequence was a direct and natural result of the company's negligence, and a proper element of damages.

2. **Same — Message Sent by one Person for Another.**—The court did not err in refusing to charge that plaintiff had no beneficial interest in the telegram, where the evidence showed that it was sent at his request and for his benefit by one A., although plaintiff's name was not signed thereto, and did not appear therein.

3. **Same — Notice to Telegraph Company of Sender's Agency not Necessary—Case Followed.**—Where a telegram is signed and sent by one person, but at the request and for the benefit of another, it is not material to the rights of such other person that his interest or the sender's agency in the matter should be known to the telegraph company or its agent receiving the message for transmission. Following Telegraph Company v. Broesche, 72 Texas, 657.

4. **Practice — Harmless Error in Overruling Exceptions.**—The overruling of special exceptions to certain averments in plaintiff's petition could not have been detrimental to defendant where plaintiff at the trial introduced no evidence whatever in support of such allegations.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*A. N. Field,* for appellant.

*Potter, Potter & Mathis,* for appellee.

TARLTON, Chief Justice.—Appellant prosecutes this appeal from a judgment awarding to appellee the sum of $500 as damages on account of the failure of the appellant to deliver the telegram herein below set out.

Appellee lived near Dexter, in Cooke County, Texas. His minor son, Ed. Carter, had been working at Marietta, in the Indian Territory, about fourteen miles west of Dexter, when he was taken sick, and after an illness of twenty-eight days, died on October 29, 1889, about 3:30 o'clock p. m. About 4 p. m. of that day the appellee, in company with Dr. Applewhite, who, as a physician, had treated the son during his last illness, went to appellant's office, and Dr. Applewhite, for the appellee and at his request, caused to be prepared and sent the following message, for which appellee, through Dr. Applewhite, paid 25 cents:

"Marietta, I. T., October 29, 1889.

"*Frank Morris, Gainesville, Texas:*

"Ed. is dead. Send coffin six feet four inches long on morning express.

[Signed] "B. L. Applewhite."

The object of this telegram was to procure a coffin in which to bury the corpse of the deceased son. It was appellee's desire to convey the body for interment near his home in Texas. He wished to leave with the body early on the morning of October 30, so as to reach the graveyard in time for interment on the evening of that day. The message was received at appellant's office at Gainesville at 4:40 p. m. of October 30. Mr. Morris, the addressee, was the tax collector of Cooke County, his office being about 300 yards from appellant's office, and his residence being in the same town and conveniently accessible. By reasonable diligence the message could have been delivered to Mr. Morris by 5 p. m. on the day on which it was received. It was not delivered until after 9 o'clock a. m. of the next day. The appellant was thus guilty of negligence. As a consequence, the coffin was not procured and sent (as it would have been) by the express train of the Gulf, Colorado & Santa Fe Railway which left Gainesville so as to reach Marietta at 7 o'clock a. m. As a further consequence, Mr. Morris did not send the coffin so as to reach the appellee before 6 p. m. of October 30, too late to make the journey to the cemetery. The interment was thus delayed until 2 or 3 o'clock p. m. of October 31—a delay of twenty-four hours. In the meanwhile the body began to decompose and became very offensive, thus causing appellee great distress of mind. When the coffin failed to arrive in accordance with the telegram, appellee diligently sought to procure one at Marietta, but failed.

Appellee testified, that at the time the message was sent and paid for he told the agent of appellant that he wanted the coffin for the corpse of his son. There was evidence of a negative character tending to contradict this statement.

The trial court, as indicated by its ruling upon the defendant's general demurrer, and by the charges which it gave and the requested instructions which it refused, was of opinion that the grief and mental anguish sustained by the plaintiff was an element of damage proper to be considered by the jury in passing upon the defendant's failure to comply with its contract to deliver the telegram.

Appellant's first, second, fifth, seventh, and eighth assignments of error complain of this view. The doctrine, that damage of this character may be considered the natural and direct consequences of a failure to transmit a telegraphic message such as the one in question, has become so firmly fixed in our jurisprudence that the action of the appellant seems scarcely to be justified in requiring us to reannounce it. Stuart v. Tel. Co., 66 Texas, 581; Tel. Co. v. Broesche, 72 Texas, 654; Hale v. Bonner, 82 Texas, 33.

Appellant's petition contains certain averments (which we do not find necessary to specifically set out) having reference to a conversation between the addressee, Morris, and appellant's agent at Gainesville, after the delivery of the telegram. Appellant, in its third assignment of error, complains of the action of the court in overruling a special exception addressed by it to these averments. As appellee introduced no evidence whatever in support of these allegations, it is impossible, in our opinion, that the action complained of could have been detrimental to the defendant. Tel. Co. v. Evans, decided by this court November 1, 1892 [1 Texas Civ. Apps., 297].

The testimony showed that appellee was the principal of Dr. Applewhite, who sent the message, and that he had a beneficial interest in it. The court therefore did not err in refusing appellant's special instruction, to the effect that appellee had no beneficial interest in the telegram.

Appellant's third special instruction, of the refusal of which it complains in its sixth assignment of error, was given quite literally in that portion of the court's charge in which the jury were instructed, that unless they should find from the evidence " that defendant's agent at Marietta knew at the time he accepted said message for transmission that it was sent for the benefit of plaintiff, the jury would find for the defendant." Indeed, this instruction might well have been complained of by the plaintiff, for it has been held in Telegraph Company v. Broesche, 72 Texas, 657, that such knowledge on the part of the agent is not necessary to the plaintiff's cause of action.

The judgment is affirmed.

*Affirmed.*

Delivered March 9, 1893.