BREWER et al. v. NEATHERLY et al.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 10, 1914.)

SALES (§ 418*)—MEASURE OF DAMAGES—DATE.

In an action for breach of a contract to deliver cotton on or before November 20, 1912, at 10¾ cents a pound, where the seller on November 8th gave notice that it would not be delivered, and where the evidence showed that from the date of the contract the price had advanced, and was 12 1/16 cents per pound as late as November 12th, and still advancing, the market price on such date should be taken as a basis of estimating the profits.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by M. G. Neatherly and others against J. R. Brewer and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellants. Mathis & Kay, of Wichita Falls, for appellees.

DUNKLIN, J. The only contention presented by the assignments of error urged by appellants is that the judgment from which this appeal is prosecuted was excessive. The suit was by appellees against appellants for damages for breach of appellants' four several contracts for the sale of cotton; the damages sought being the difference between the contract prices and the market values of the cotton upon the dates when the same should have been delivered. There seems to be no controversy between the parties with respect to the amount of damages for the breach of the first three contracts, the only controversy relating to the amount of damages for the breach of the fourth contract. According to that contract, 200 bales of cotton were to be delivered on or before November 20, 1912, and appellees were to pay therefor 10¾ cents per pound. The evidence shows without controversy that appellants notified appellees on November 8th that the cotton so contracted for would not be delivered. The evidence further shows that on November 8th cotton was worth 11⅞ cents per pound, and that on November 10th it was worth 12 cents, and on November 12th was worth 12 1/16 cents per pound. The evidence further shows that there was a steady advance in the price of cotton from October 28th, the date of the fourth contract, up until November 12th. Appellants have calculated the appellees' profits upon the 200 bales of cotton covered by the fourth contract at the difference between the contract price and the market price on November 8th. These profits added to the profits for the breach of the three preceding contracts would be less than the amount allowed by the court. Appellants further call attention to the fact that the price of cotton on November 20th was not proven, November 12th being the last date upon which quotations are given. As the price of cotton was steadily advancing, we are of the opinion that the market price on November 12th should be taken as a basis for estimating the profits that appellees would have realized upon the 200 bales covered by the fourth contract. Taking the market price on that date as a basis for estimating the damages for the breach of the fourth contract, and calculating interest at the rate of 6 per cent. per annum upon the amount of profits lost by appellees on account of the breach of each and all of the contracts, we find that the damages allowed by the court were not excessive. Accordingly, the judgment of the trial court is affirmed.

Affirmed.