## WALKER-SMITH CO. v. BILAO.
(No. 7585.)

(Court of Civil Appeals of Texas. Galveston. May 24, 1918. Rehearing Denied June 13, 1918.)

1. SALES ⊂══422 — ACTION FOR BREACH OF CONTRACT—FINDINGS.

In an action for damages from the failure to deliver certain canned goods ordered by plaintiff, held that there was no error in refusing to find the increase in the price of the goods when the seller told plaintiff that it did not intend to comply with its contract, over the contract price.

2. SALES ⊂══422 — BREACH—FINDINGS—CONSTRUCTION.

In such action, a finding "that both of the parties to said contract construed same to mean that said goods could be delivered, and said contract enforced against plaintiff at any time up to and including November 30, 1916," was not an attempt, without support in the evidence, to determine that both parties actually treated the contract as a continuing one after the date of the seller's express repudiation.

**3. SALES ☞175 — ACTION FOR BREACH OF CONTRACT—DIVISIBLE CONTRACT.**

Where the buyer of goods to be delivered throughout the fall of a year, merely through a mistake as to goods tendered being intended for him, did not receive them, the seller would not be free from liability upon the whole or any part of its contract.

**4. APPEAL AND ERROR ☞931(3)—PRESUMPTION — FINDING NECESSARY TO SUPPORT JUDGMENT.**

In such case, if a finding that the contract was entire and indivisible was essential to the validity of the judgment for plaintiff, and the court did not specifically state such conclusion, if there was evidence in the statement of facts upon which such finding might have been based, it will be presumed when necessary to support the judgment.

**5. SALES ☞98—RESCISSION OF CONTRACT—RIGHT OF SELLER.**

Where a buyer of goods for delivery during the fall of a year neither repudiated nor rescinded the contract by his mere mistaken refusal to accept a delivery of goods tendered, the seller had no right to refuse performance and ex parte to declare the contract rescinded in its entirety.

**6. SALES ☞418(2) — SELLER'S BREACH OF CONTRACT—AMOUNT OF RECOVERY.**

Where a seller breached its contract for the sale and delivery of goods during a certain fall, a recovery upon the basis of the market value of all the goods on the last day of the delivery period was proper.

Error from Harris County Court; Murray B. Jones, Judge.

Suit by Stephen L. Bilao against the Walker-Smith Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Cole & Cole, of Houston, for plaintiff in error. P. C. Del Barto, of Houston, for defendant in error.

GRAVES, J. The judgment below in this cause was recently affirmed without written opinion. In response, however, to the very earnest motion of counsel for plaintiff in error asking it, and despite the heavy volume of business steadily pressing for attention, the court has pleasure in now filing the requested opinion.

Stephen L. Bilao, a retail grocer in Houston, Tex., brought this suit in the court below to recover of Walker-Smith Company, wholesale grocer in the same city, damages for the latter's failure to deliver 172 cases of canned goods ordered from them by him in March, 1916, to be delivered during the fall, that is, in September, October, or November of the same year. The trial was had before the court without a jury, and judgment rendered in Bilao's favor for $154.26, representing the amount found by the court to be the difference between the contract price of the goods as a whole and their reasonable market value on November 30, 1916, the last day of the period during which delivery thereof was to be made. Interest from the date of the judgment was also allowed.

The wholesale company appeals, through writ of error, upon a number of assignments.

After a careful consideration of them all, together with the record on file, the conclusion is reached that the correctness of the trial court's judgment depends on whether or not Bilao's action with reference to the portion of the goods sent to his store on October 7, 1916, amounted upon his part to a refusal to comply with or a repudiation of the contract, in whole or in part. The trial judge's findings of fact and law were:

"The court finds: that on or about March 14, 1916, the plaintiff ordered from the defendant, and the defendant contracted and agreed to sell to the plaintiff, certain goods and merchandise known as 'canned goods,' more particularly described as follows: [Setting out the different kinds of articles, the number of cans, and price per dozen of each], which said goods and merchandise were by the terms of the contract to be delivered to the plaintiff by the defendant during the fall of 1916; that is, at any time during the months of September, October or November, 1916. That the contract price for said goods was $264.54.

"I find on or about October 7, 1916, the defendant sent a small portion of said goods to the plaintiff at his place of business, he being engaged in the retail grocery business at Houston, Tex., and that said goods so sent were not received by the plaintiff, for the sole reason that plaintiff was mistaken as to the identity of said goods, he thinking that same were intended for his brother, who has the same initials as plaintiff, and who also was engaged in the retail grocery business in Houston, Tex., and had ordered a small bill of goods of a similar character to those ordered by the plaintiff from the same party, that is, from this defendant, all of which was known to the plaintiff at that time.

"I find as a fact that there was no mutual rescission of the contract between the plaintiff and defendant, and no repudiation of same on the part of plaintiff, and that plaintiff was at all times during the fall of 1916 ready, able, and willing to accept, receive, and pay for said goods ordered by him from the defendant.

"I further find that on October 9, 1916, and frequently prior thereto, plaintiff had inquired from defendant concerning his said order, and informed the defendant that he desired to have said goods delivered as soon as possible, and that on the date last mentioned defendant told plaintiff that it did not intend to comply with its contract as to the delivery of plaintiff's goods, but I find as a fact that both of the parties to said contract construed same to mean that said goods could be delivered and said contract enforced against the plaintiff at any time up to and including November 30, 1916.

"I further find that the market value of the said goods and merchandise ordered by the plaintiff from the defendant had increased in value after same were so ordered, and I find as a fact that the market value of said goods and merchandise on November 30, 1916, was $418.80, and I find that, by reason of the breach of said contract by the defendant and its failure to deliver said goods according to the said contract, plaintiff was damaged in the sum of $154.26.

**"Conclusions of Law.**

"Upon the foregoing and all the facts of this case, I find as a matter of law that the plaintiff did not rescind or repudiate the contract, and that the defendant, in failing to deliver said goods and merchandise according to said contract, repudiated and breached the same, and thereby became liable to plaintiff for the damages sustained by him, and that plaintiff should have and recover judgment against the said defendant for the sum of $154.26, same being the

difference between the contract price of said goods and the market value of said goods at the expiration of the time in which said goods might have been delivered, that is, November 30, 1916: and I further find plaintiff should also recover interest in said judgment from November 30, 1916, at the rate of 6 per cent. per annum and all costs of court."

[1] We have examined the statement of facts, and are of opinion that, when properly interpreted, these findings were all justified by the evidence. They are accordingly adopted by this court, from which it follows that we do not think well taken the assignments of plaintiff in error, attacking different ones of those made as not being supported by the testimony, and complaining of a refusal to go further and find what increase in the price of the goods over that named in the contract there was, if any, on October 9, 1916; a finding as to the status of prices upon the date just mentioned could only have been material in the event there had been, on or before that date, and wholly aside from the admitted repudiation at that time by Walker-Smith Company of all obligation upon its part under the contract, such unjustified refusal to comply with either the whole or a part of it by Bilao also as entitled the wholesale company to treat the contract at an end as of that date; but the court found, as we think properly, that he was guilty of no such action. Hence there was no error in refusing the requested finding.

[2] This sentence from the findings made is assailed as being an attempt, without foundation in the evidence, to determine as a fact that both parties actually treated the contract as a continuing one after October 9, 1916:

"I find as a fact that both of the parties to said contract construed same to mean that said goods could be delivered, and said contract enforced against the plaintiff at any time up to and including November 30, 1916."

We do not so interpret it. When the context is considered, it seems to us the court merely meant to say the parties generally, and without confining that attitude to the time subsequent to October 9th, understood their contract as meaning that the seller had all of the fall of 1916 in which to make delivery of the goods. So construed, the finding is neither inconsistent with the facts proven, nor indeed with the position of either litigant as to what their contract really was.

[3, 4] Much of the ably written brief of plaintiff in error is devoted to a discussion of whether or not the contract was divisible, the contention being that it was so, that Bilao without justification refused a substantial portion of the goods tendered him on October 7, 1916, thereby committing such a breach of his duty to receive them as relieved the company entirely from further liability under the contract, or in any event took the part of the goods it then offered to deliver out of it. The trouble with this position is that it assumes as a premise two facts not shown: First,

that the contract was divisible; and, second, that Bilao refused the portion of the goods alleged to have been tendered him on October 7th. If he did not in fact refuse them at all, but merely through a mistake as to their being intended for him did not receive them, as we have said the court upon amply sufficient evidence, found, manifestly the wholesale company would not be freed from responsibility upon the whole or any part of the contract, and it would be unnecessary to further determine whether it was divisible or not. If the view be taken, however, that a finding that the contract was entire and indivisible was essential to the validity of the judgment, then, since the court did not specifically state a conclusion concerning the matter, nor indicate anything to the contrary, if there was evidence in the statement of facts upon which a finding to that effect might have been based, such a finding would be presumed, because necessary to support the judgment. Railway Co. v. Purcell, 91 Tex. 585, 44 S. W. 1058; Puster v. Anderson, 2 Tex. Civ. App. 626, 66 S. W. 685; Hooks v. Mfg. Co., 57 S. W. 685. That there was evidence in the record upon which the court might have found the contract to be an entirety cannot, we think, be doubted, even if the fact that such was its nature is not a plain and reasonable inference from what he did expressly find.

[5] The determined fact being, then, that Bilao neither repudiated nor became a party to a rescission of the contract, his mere mistake alone, under the circumstances found by the trial court, as to the portion of the goods sent to his store on October 7th, gave the wholesale company no right to refuse performance and, ex parte, declare the contract rescinded in its entirety. Leonard v. Kendall, 190 S. W. 788; Elliott, Contracts, vol. 3, pars. 2027, 2028; Kilgore v. Ass'n, 90 Tex. 139, 37 S. W. 598; 6 R. C. L., Contracts, pars. 384–386. As under the old saw, it takes two to make a bargain, so, we think, in the circumstances here at least, it took two to unmake one.

Plaintiff in error did not plead any equitable considerations through which it claimed to be entitled to relief in any degree from the full legal consequences of having repudiated Bilao's entire order immediately after and solely because of his mistake in not thinking the portion of the goods so sent intended for him, such, for instance, as, that it acted in good faith in believing him to have then refused both the part offered and the balance of the order, and that as a consequence it did not thereafter, and on November 30th, keep and have these particular goods on hand, and, further, either could not at that time procure them at all, or would have had to buy them in the market at higher prices than those stipulated in its agreement with Bilao. If such matters had been set up in mitigation of or offset to the dam-

ages claimed against it by reason of the rise in price of the goods it had agreed to deliver, a different case would have been presented; but having renounced its contract solely because of a mere mistake, the court below rightly held it liable for the consequences.

[6] Neither do we think there was any error in allowing a recovery upon the basis of the market value of all the goods on November 30th the last day of the period during which delivery thereof was to be made. In such cases, we understand the rule to be that the buyer may treat the seller's ad interim renunciation of the contract as inoperative, await the expiration of the time within which it was to be performed, and then bring his suit for damages, measuring them by the difference between the prices named in the contract and those prevailing upon the last day for delivery. Walker Grain Co. v. Denison Mills Co., 178 S. W. 555; Brewer v. Neatherly, 162 S. W. 1185; Palestine Cotton Seed Oil Co. v. Corsicana Cotton Oil Co., 25 Tex. Civ. App. 614, 61 S. W. 433; 9 Cyc. p. 698, with numerous citations of authorities in the footnotes, also page 637 (E).

Since the conclusions stated determine the merits of the appeal, it has not been thought necessary to discuss each assignment separately. None of them in our opinion point out reversible error, and an order affirming the judgment below has been entered.

Affirmed.