Hurlbut, J.,
delivered the opinion of the court.
Appellee (plaintiff below) instituted action August 3, 1909, against appellant, to recover damages for the alleged negligence of .defendant in preparing a body for shipment to Pennsylvania, and recovered judgment for $1,000, from which this appeal was taken.
In harmony with the allegations of the complaint, plaintiff’s evidence tends to show that she was the widow of Charles D. Jackson, who died in Denver June 28, 1909, from injuries received- in a street car accident; that defendant was an undertaker of many years’ experience, conducting undertaking parlors at the time the cause of action arose; that on June 29, 1909, defendant agreed and undertook to properly prepare for shipment to Pennsylvania the body of said Charles D. Jackson, and, notwithstanding the body was shipped by the most direct route from Denver to its destination in Pennsylvania, it arrived there in an advanced state of decomposition; that the odor arising from the body contained in the casket was so offensive and disagreeable that it became necessary to leave the casket in the open air near the house while the funeral ceremonies were being conducted therein; that the ceremonies were attended by seventy-five or one hundred friends, but the remains could not be viewed, owing to the bad condition of the body; that mortification was due to the negligent and unskillful manner in which the body was prepared for shipment by defendant, by reason of which plaintiff suffered great and *227 trying mental anguish, humiliation and distress of mind. The undisputed evidence also shows that an autopsy was performed upon the body, without objection, and the heart, liver, kidneys, stomach and spleen removed therefrom, and, after examination, replaced therein, whereupon defendant prepared the same for shipment.
Defendant interposed a general demurrer to the complaint, which was overruled. Defendant then filed his-answer admitting the contract and agreement to do and perform all things necessary for the proper preparation of the body for shipment, hut he therein denied the charge of incompetency or negligence in the proper preparation of the same, as stated in the complaint, and alleged that he prepared the body for shipment in accordance with the contract, by using the best scientific methods known, applying the best embalming fluids known to the trade, and using every possible precaution in so doing.
The only damages prayed for in the complaint was $10,000 for mental anguish, distress and humiliation, suffered by plaintiff, and for costs.
Both parties to the action concede that the controlling issues of this appeal are based upon the action of the court in overruling the demurrer to the complaint, and the amount of the verdict. The demurrer raises the question: Will an action lie for breach of contract, against a defendant not engaged in business of a quasi-public nature, to recover substantial damages, founded only upon mental anguish, humiliation and distress of mind, where the breach is unattended by physical injury to the party bringing the action, and where there is an absence of wanton or willful conduct on the part of the one violating the contract?
It will be noticed that this action is not based on a statute, nor does the complaint seek to recover moneys paid to defendant for services negligently performed, nor *228 for exemplary damages. The answer doeá not plead a counter-claim. As far as the pleadings are concerned, both parties seem to stand upon their respective legal rights as construed by them, the plaintiff contending for her right of action based upon mental anguish,. humiliation and distress, caused by defendant’s failure to carry out his contract, while defendant maintains that even if .he is guilty of a breach of contract it was unintentional on his part, hence no cause of action for substantial damages will lie in favor of plaintiff.' There are authorities of repute which support the law as contended for by both parties, although our attention has not been called to any decision of our own state entirely in point. From a careful review of the decisions and text-books we believe the general current of authority tends to establish the rule in this class of cases that: (a) In cases of pure tort, where no contractual relations exist and the acts complained of are attended with willful and wanton conduct on the part of defendant, substantial damages may be recovered for mental anguish and suffering only, though no physical injury or pecuniary loss is suffered by plaintiff; (b) in cases where a breach of contract has occurred and the acts attending such breach are accompanied by willful, insulting or wanton conduct of the one guilty of the breach, substantial damages may be recovered for mental suffering only; (c) in cases where a breach of contract has taken place and the one committing the breach was not engaged in business of a guasipublic nature, and the negligence consisted of a mere passive breach, unintentional, and unaccompanied by any acts of wantonness, willfulness or insult, on the part of the one committing the breach, an action for substantial damages, founded alone upon mental anguish and-suffering, cannot be sustained; the rule stated being predicated, of course, upon the absence of a statute on the subject.
*229 In the case at bar plaintiff’s pleadings nowhere contain any allegation or charge against defendant' of willful, intentional or wanton acts on his part, in respect to the breach with which he is charged. In fact, all the pleadings and evidence disclose at the most a mere passive breach of the contract, based upon unintentional negligence in the preparation of the body for shipment.
It may be said with safety that at common law no action could be maintained to recover for mental suffering in the absence of bodily injury occasioning such suffering. — Black v. Atlantic Coast Line R. Co., 82 S. C., 478, 64 So., 418; Summerfield v. W. U. T. Co., 87 Wis., 1, 57 N. W., 973. The federal courts incline to a rigid enforcement of the common law rule. It is said in Kyle v. Chicago, R. I. & P. Ry. Co., 182 Fed., 613, 105 C. C. A., 151:
“Mental anguish alone, not arising from some physical injury or pecuniary loss, caused by the negligent or other wrongful act of another, is not a basis for an action for damages in the absence of a statute authorizing such a recovery. ’ ’
Notwithstanding the common law rule, the courts of this country have generally allowed compensatory damages to be recovered for mental suffering alone in certain classes of cases. Most of such classes of cases are well stated in W. U. T. Co. v. Rogers, 68 Miss., 748, 9 So., 823, 13 L. R. A., 859, 24 Am. St., 300, viz.:
“(1) Where, by the merely negligent act of the defendant, physical injury has been sustained; and in this class of cases they are compensatory, and the reason given for their allowance is that the one cannot be separated from the other. (2) In actions for breach of the contract of marriage. (3) In cases of wilful wrong, especially those affecting the liberty, character, reputation, personal security, or domestic relations of the .injured party.”
*230 In Summerfield v. W. U. T. Co., supra, in commenting on the above excerpt, the court says:
“To this latter class belong the actions of malicious prosecution, slander and libel, and seduction, and they contain an element of malice. Subject to the possible exceptions contained in the second and third of the above classes, it is not believed that there was any case---certainly no well-considered case — prior to the year 1881, which held that mental anguish alone constituted a sufficient basis for the recovery of damages.”
In Carter v. Oster et al., 134 Mo. App., 146, 112 S. W., 995, plaintiff sued Oster and other members of a trade union, and recovered for mental suffering as well as for the injury, basing his action upon defendants’ wanton and willful acts in preventing plaintiff from securing employment as a steam and hot water fitter, causing his discharge by contractors and others through the imposition of fines upon them, and threatening strikes in case they refused to discharge him. The evidence showed defendants had persecuted, maltreated and insulted him, and indulged in all manner of means to prevent him from securing employment. The court said:
“But as already said, the testimony conduces to show the conduct of the defendants was not only wrongful, but wilful, malicious and oppressive; and it is generally held mental suffering due to torts of that nature is an element of damages. Defendants’ counsel contends there can he no award for mental suffering unconnected with a physical injury; which is true in actions for negligent wrongs and wherein the conduct of the defendants does not exhibit malice, insult or inhumanity. * * * But there are torts of which mental distress is the proximate cause and natural result, and for which damages may be assessed. Such are malicious prosecutions, slanders and wilful trespasses to the person, either with or *231 without physical injury; for instance, the unlawful ejection of a passenger from a train.”
In Gratzow v. Buening, 106 Wis., 1, 81 N. W., 1003, 49 L. R. A., 475, 80 Am. St., 1, the action was based upon a conspiracy, carried into effect by defendant and others, by which the plaintiff, was caused great mental suffering and distress. Plaintiff employed defendant to convey the body of his child to the cemetery from his residence. Just as the plaintiff was ready to place the casket in the hearse; defendant, by his servant, drove away with the hearse. Defendant and others caused this to be done because the livery stable keeper who furnished the hearse to the undertaker Nieman had done so in violation of the by-laws of the livery stable keepers’ association. The court reversed a judgment for plaintiff, using this language, vis.:
“In this case there was no physical injury to plaintiff, and no personal injury to him of any kind save to his feelings. The case does not fall within the few exceptions to the rule — which prevails in this state and in most jurisdictions — that mental distress alone is too remote and difficult of measurement to be the subject of an assessment of damages. The true idea is that, under the general principle applicable to tort actions that recoverable damages are limited to such as are the natural and proximate result of the act complained of, some physical injury is necessary to a definite casual connection between the wrongful act and the mental condition, to render the former, in a legal sense, the cause of the latter, and such condition, with its immediate cause, sufficiently significant to be comprehended and measured with a reasonable degree of certainty.”
Wilcox v. Richmond & D. R. Co., 52 Fed., 264, 3 C. C. A., 73, 17 L. R. A., 804, was an action brought by plaintiff to recover for mental suffering and distress of mind, by reason of the failure of defendant company to promptly transport plaintiff to the bedside of his father, *232 who was seriously ill. The court denied the right of recovery in plaintiff, using this language:
“The authorities are substantially agreed on the proposition that pain of mind, as distinct from bodily suffering, can be considered in actions for damages from injuries to the person, and for pecuniary loss and expense or like causes, incident to such injuries. But we know of no decided case which holds that mental pain alone, unattended by injury to the person, because of simple negligence, can sustain an action.”
Birmingham Waterworks Co. v. Vinter, 164 Ala., 490, 51 So., 356, is founded upon an action brought by plaintiff Yinter against the company for breach of contract in failing to supply him with water, whereby his feelings were greatly outraged and. distressed. The court held that his mental anguish alone could not support the action, saying that “mental anguish was not a recoverable element of actual damages growing out of ■ a mere breach of the contract.”
Beaulieu v. Great Northern Ry. Co., 103 Minn., 47, 114 N. W., 353, 19 L. R. A. (N. S.), 564, 14 Ann. Cas., 462, was a case wherein plaintiff, Beaulieu, sought to recover from, the railroad company for mental anguish caused .by the failure of the company to promptly forward the body of plaintiff’s child from the place of its death to Ogahmah, Minnesota, alleging that the company wrongfully and negligently carried the body beyond the station where it should hav-e been left, thus delaying the. funeral arrangements for twenty-four hours,' and causing the body to become badly decayed, mutilated and damaged. No willful or intentional misconduct was charged on behalf of defendant or its agents, and no claim was made for actual damages. The court held that an action could not be maintained to recover for mere mental anguish, as it was not shown that the acts of the company were of ,a wanton, malicious or willful nature. The following are *233 some excerpts from the opinion, which is well considered and somewhat exhaustive, viz.:
“It is also a rule of géneral application that mental anguish is not a proper element of damage in actions for breach of contract, though there is a class of wrongs arising out of contractual relations in which this element is permitted to enter. Illustrations of this are found in wilful and unlawful injuries to passengers upon railroad trains. * * *
“Summarizing, it may be said that mental anguish is a proper element of damages in all actions sounding in tort, where the plaintiff has received some physical injury, or his legal rights have been só willfully invaded as naturally to cause mental distress. It is an element to be considered in actions for a breach of contract in exceptional cases only; the principal exception being the telegram cases already referred to. * * * Such damages (sounding in tort) are not recoverable in actions for breach of contract, except, perhaps, iñ those exceptional cases where the breach amounts to an independent willful tort, in which event they may be recoverable under proper allegations of malice, wantonness, or oppression. * * * They cannot be recovered in actions involving ordinary negligence, where no physical injury results. * * * The complaint before us charges, at most, a negligent failure to perform the contract, for the breach of which damages for mental anguish are demanded, and the case is not brought within those wherein such damages are awarded for the malicious and wanton breach, to which we have adverted. * * * If damages for mental anguish may not be recovered in actions wholly in tort, where the parent suffers untold grief at the disfigurement of his minor child, or because of his death by the wrongful act of'another, or in actions for libeling the dead, as indicated by the authorities cited, by what course of reasoning, from the viewpoint of legal principles unin *234 fluenced by feelings of 'sentiment or resentment, can it be held that they may be recovered, in an action like that at bar, for the mere negligence of a railroad company in carrying a corpse beyond tbe station of its destination, 'resulting in no injury to the body, save such as arises from a natural tendency to decomposition? "We discover none. ’ ’
Both appellant and appellee, in support of their positions, cite Bleecker v. C. & S. Ry. Co., 50 Colo., 140, 114 Pac., 481, 33 L. R. A. (N. S.), 386. As we interpret this decision it is not directly in point for either party. The action arose out of insulting and abusive language used by the conductor of one of defendant’s trains, to a passenger rightfully thereon. No physical force or violence was used, nor did plaintiff receive any physical injury. A general demurrer was interposed to the complaint and sustained by the court, from which ruling an appeal was taken. The supreme court reversed the district court and committed the court to the rule that compensatory damages can be recovered in such case for mental pain and mortification suffered by the one subjected to such treatment, though he received no physical injury, and no force or violence was offered on the part of defendant’s agent. It was further held that, though there might be difficulty in determining the proper measure of such damage, that fact would not deprive the passenger of his remedy. The ruling is based upon the reasoning that- defendant company, engaged in business of a public nature, owed a duty to use reasonable effort to protect its passengers from insult and abuse while traveling; that if its servants offer such indignity to passengers the defendant becomes liable and thereby violates such duty, which constitutes a tort, for which action for mental suffering will lie. ’ Justice Gabbert, in rendering the opinion of the court, conceded, however, that there were authorities holding to a rule opposed to- *235 that there announced. The following excerpts are taken from the opinion:
“W'e conclude that tire use by a conductor to a passenger lawfully upon a train and conducting himself with propriety, of language calculated to humiliate, mortify or disgrace the passenger gives the passenger a right of action against the railroad company for compensatory damages for the mental pain thus occasioned.”-
and on petition for rehearing as follows:
“When there is a wilful, tortious breach of the contract of carriage by those engaged in serving the public, it is certainly illogical to say that the person whosé rights are thus infringed is without remedy for mental suffering thus caused, unless such breach is accompanied by some other element of damage. * ' * *
‘ ‘ The remaining cases cited, which hold that damages are not recoverable for mental suffering alone, are distinguishable from the one at bar, in that they relate to cases brought under a statute, similar to our own, or where contractual relations, did not exist between the parties, or where there was a mere passive breach of a contract; that is to say,- if there had been a violation of the contract, it was not occasioned by wilful, tortious conduct, or were for simple negligence, or where the mental suffering was not the direct result of a tort, but remote, or the defendant was not engaged in a business gwsi-public. ’ ’
Appellant also cites Diamond Rubber Co. v. Harryman, 41 Colo., 415, 92 Pac., 922. This case is hardly in point. It was not founded on- contract. Plaintiff' sued the company for damages caused by plaintiff’s stumbling over a piece of pipe projecting above the sidewalk in front of premises occupied by defendant. Plaintiff received injuries from the fall, and became a permanent cripple, his leg being appreciably shortened by the injury. *236 In addition to actual damages suffered by bim, and for bodily pain caused .by reason of the injury, he sought to recover for mental suffering from his disfigurement and humiliation resulting therefrom. Plaintiff recovered judgment in the court below, but the same was reversed for errors committed in the giving and refusing of instructions. One given asserted the right of plaintiff to recover for mental suffering occasioned by the disfigurement. The court held such- instruction to be error, and that, under the facts of the ease, damages for mental suffering caused by-the disfigurement, where no malice or wantonness were shown, could not be recovered, expressing no opinion as to whether such disfigurement would sustain a cause of action for mental suffering only if the same be offensive to others, or subject those so afflicted to their compassion or ridicule.
Many other cases could be -cited holding to the views expressed in the foregoing cases. Other courts of high repute, however, sustain the right of recovery for mental suffering alone in cases similar to the one at bar, of which the following is a partial list: J. E. Dunn & Co. v. Smith, 74 S. W., 576 (Tex.); Lindh v. G. N. Ry. Co., 99 Minn., 408, 109 N. W., 823, 7 L. R. A. (N. S.), 1018; Louisville N. R. R. Co. v. Hull, 113 Ky., 561, 68 S. W., 433, 57 L. R. A., 771; Koerber v. Patek, 123 Wis., 453, 102 N. W., 40, 68 L. R. A., 956; Wright v. Beardsley, 46 Wash., 16, 89 Pac., 172; Renihan et al. v. Wright et al., 125 Ind., 536, 25 N. E., 822, 9 L. R. A., 514, 21 Am. St., 249. It will be noticed that these case^ vary- to some extent as to facts. In some, contractual relations between the parties- are wanting; in others, the negligence complained of is accompanied by willful and -wanton conduct on the part ■ of defendant; and some show the. defendant was engaged in a business of a gwsi-public nature. Some sustain the right to recover iipon the ground that, where *237 by the nature of the contract the parties must have contemplated that a breach thereof would necessarily cause mental suffering to the party affected thereby, compensatory damages will be allowed for such suffering alone, reasoning that in such cases the party offending is presumed to have contracted with reference to the payment of damages of that character in the event such damages accrued through his default.
There are many cases known to the profession as “Telegraph Oases,” which hold that actions can’be maintained for mental suffering alone founded upon failure of the telegraph company to promptly deliver death messages sent in the usual course of business, particularly where the direct and natural result of such failure entails mental suffering and anguish upon the sender, viz.: W. U. T. Co. v. Long, 148 Ala., 202, 41 So., 965; W. U. T. Co. v. Carter, 2 Tex. Civ. App., 624, 21 S. W., 688; W. U. T. Co. v. Crowley, 158 Ala., 583, 48 So., 381; W. U. T. Co. v. Giffin, 27 Tex. Civ. App., 306, 65 S. W., 661; Lyles v. W. U. T. Co., 77 S. C., 174, 57 S. E., 725. The rule permitting such recovery is known as the “Texas Doctrine,” but the weight of authority appears to be against recovery in such cases.
As this question, under the facts here; presented, is of first impression in this jurisdiction, our conclusions should be, and are, influenced by the views of our supreme court and legislature upon the doctrine of “recovery for mental suffering alone,” so far as the same can be ascertained by previous decisions and legislative enactments. It seems that the doctrine does prevail, as our legislature has enacted a law making the infliction of mental suffering, as well as physical injury, a ground of divorce. Even before the passage of that act some decisions of the supreme court indicated a tendency to favor the doctrine. The Bleecker case extends the rule to cases of wanton insult offered to passengers traveling on trains of common *238 carriers. We have no intimation, however, from the supreme court or legislature upon the doctrine as applicable to such a state of facts as now before us.
After reviewing the authorities we have reached the conclusion that, in a case of this character, substantial, compensatory damages for mental suffering only cannot be recovered in an action for breach of contract where the acts constituting the breach consist of simple negligence in the performance of the contract, unless it be shown that defendant’s conduct in the premises was characterized by wilfulness or wantonness.
We are satisfied that the decided weight of authority sanctions the conclusions we have reached, and are convinced that such authorities are founded on sounder reasoning, and calculated to be of more substantial benefit to the public at large, than those holding to the contrary. We are' inclined to suggest that if the people generally believe compensatory damages ought to be recoverable in cases of this nature it is infinitely better to give expression to such belief by securing a law to that effect, either through initiative petition or legislative enactment. Such a law could define what cases should be considered, within the doctrine and definitely fix the amount recoverable. The jury and courts would thus be relieved of the unpleasant duty of trying to measure in dollars and cents the degree or extent of mental suffering in such cases.
For the reasons given, plaintiff is not entitled to recover substantial or compensatory damages for her mental suffering. The complaint, however, states a good cause of action in that it charges a breach of contract, which is sustained by the evidence, entitling plaintiff to nominal damages. The judgment being for compensatory damages in a very substantial amount, instead of for nominal damages, is excessive, and must be reversed and the cause remanded, but all costs will be taxed to the appellant.