## No. 11,806.

SAGER v. SISTERS OF MERCY OF COLORADO, ET AL.

Decided May 9, 1927.

Action for damages.   Judgment for defendants.

### Reversed.

## On Application for Supersedeas.

1.   DAMAGES—*Mental Suffering.*   Mental pain and suffering in connection with a wrong which apart from such pain and suffering constitutes a cause of action is a proper element of damages where it is the natural and proximate cause of the wrong.

2.   PLEADING—*Complaint—Exemplary Damages.*   Allegations of a complaint reviewed and held to state a cause of action to entitle plaintiff to exemplary damages.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. J. N. RICKARDS, Mr. W. E. HECKENLIVELY, for plaintiff in error.

Mr. C. W. DOLPH, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

EMMA Sager is hereinafter referred to as plaintiff and the Sisters of Mercy and other defendants in error as defendants, their positions respectively occupied in the trial court.   The complaint contained two counts in tort. A general demurrer to the second cause was sustained. Plaintiff elected to stand thereon and judgment was entered for defendants.   Plaintiff brings the case here and

asks for a supersedeas. Both parties ask us to decide the matter on such application.

Enough of the essential averments for an understanding of the case are that defendants employed plaintiff as a cook at the Montcalm Sanatorium for a stated period, for which she was to receive a specified salary, and board and lodging while so employed, the place of lodging being a small cottage near the sanatorium; that she had the exclusive right to the possession of the cottage during her employment; that she performed her duties to and including July 22, 1926. Further, that on that day, defendants told her that her services were no longer required, although she had been hired for a longer time; that, nevertheless, she accepted a check for services rendered and went to the bank to cash it; that while she was gone, defendants wantonly, rudely, and in disregard of her rights and feelings, broke into the cottage and without her consent removed all of her clothing and other property, including two receptacles for papers which contained fifty dollars in cash, all belonging to her; that defendants destroyed and burned her papers including the money; that defendants secured the town marshal and his deputy without right or authority to demand possession of the cottage while she was lawfully occupying it; all of which, she declares, "caused this plaintiff great anguish and suffering of mind, great wounding of pride, and great humiliation as to her social position among her friends and acquaintances, to plaintiff's damage in the sum of $950." She states also that she had a verbal lease of the cottage, and was in peaceable possession when her effects were forcibly removed, all of which defendants well knew. She complains that such acts were "attended by circumstances of insult and wanton and reckless disregard of plaintiff's rights and feelings," and recites the circumstances. She asks for five hundred dollars as exemplary damages, besides actual damages.

The first count was to recover the fifty dollars that was burned; the second repeated much of the first by reference and was intended to cover the other alleged damage, actual and exemplary, arising out of defendants' alleged unlawful acts. Originally, the whole was stated in one count; they were subsequently stated separately on defendants' motion and by order of court. We are not asked to determine whether this was right or wrong. The point is, did the second count state a cause of action?

1. We think it did. Defendants' first argument is that recovery cannot be had for mental suffering and humiliation except when accompanied by some physical injury to the person. Such, no doubt, is the rule in some jurisdictions, but not in ours. We held otherwise in *Westesen v. Olathe State Bank,* 78 Colo. 217, 240 Pac. 689, 44 A. L. R. 1484, not cited in the briefs. We said there, quoting from 17 C. J. 828: " 'Mental pain and suffering in connection with a wrong which apart from such pain and suffering constitutes a cause of action is a proper element of damages where it is the natural and proximate consequence of the wrong.' "

The Westesen case was an action for damages for breach of contract; this is one in tort. As there said, the rule has frequently been applied to cases sounding in tort. It needs no argument to demonstrate that mental suffering and humiliation may as readily be the natural and proximate consequence of the commission of a tort as of a breach of contract, if not generally more so. In fact, the rule in question was applied to torts before more modern decisions extended it to include cases of contracts as well as torts.

2. Defendants' next contention is that the complaint does not state a cause of action to entitle plaintiff to exemplary damages. We are unable to agree with this view. C. L. 1921, § 6307 reads: "That in all civil actions in which damages shall be assessed by a jury for a wrong done to the person, or to personal or real property, and

the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton or reckless disregard of the injured party's rights and feelings, such jury may, in addition to the actual damages sustained by such party, award him reasonable exemplary damages."

The pleading appears to have been drawn with the above statute well in mind. It follows much of the same language and recites a combination of facts that bring the case under the section quoted. It states a cause of action which she is entitled to have tried on the merits. What amount of damages, if any, should be awarded, we, of course, cannot now say.

The judgment is reversed with directions to overrule the demurrer.

Mr. Chief Justice Burke, Mr. Justice Butler and Mr. Justice Campbell concur.