DOROTHY McCreery sought an injunction and damages against Miller's Groceteria Company, The E. B. Millar Coffee Company and Orva F. Ware. The defendants filed general demurrers to the complaint. The court sustained the demurrers and dismissed the suit. To reverse the judgment, the plaintiff sued out a writ of error.
The allegations of the complaint are substantially as follows: Plaintiff employed Ware, a photographer, to take, prepare and finish four photographs of plaintiff. He did the work and plaintiff paid the price. Later she procured two additional photographs. Thereafter plaintiff discovered that Ware had exposed a copy of her photograph to public view in his showcase. She purchased that copy, advising Ware that she was purchasing it for the reason that she did not desire that her photograph should be exposed to the public, and at the same time she refused Ware's request for permission to use her photograph for display or advertising purposes. Subsequent thereto Ware entered into a contract with his codefendants, the Groceteria Company and the Coffee Company, "to expose plaintiff's photograph in public places to the humiliation, embarrassment, distress and damage of this plaintiff and without the consent and against the wishes of this plaintiff." The Groceteria Company operates five stores in Denver and one in Englewood. Both the Groceteria Company and the Coffee Company displayed plaintiff's photograph in said stores, with the consent, connivance and cooperation of Ware, but against plaintiff's *Page 501 
wishes and without her consent, to plaintiff's humiliation, embarrassment, distress and damage. The photograph was displayed for advertising purposes in conjunction with a sign reading substantially as follows: "$4.50 credit certificate for $5.00 beautiful photograph, like sample shown, of yourself or member of your family with the purchase of two pounds of Millar's Universal Coffee."
"The said defendants, and each and every one of them, did conspire, connive and arrange to injure plaintiff's feelings and embarrass plaintiff and did by the display of said photograph injure plaintiff's feelings and embarrass and distress said plaintiff and did hold plaintiff up to the ridicule and scorn of her friends and acquaintances, all of which has caused plaintiff great humiliation, distress, mental anguish and damage and has caused plaintiff to be highly nervous and distressed, thereby seriously and irreparably injuring plaintiff's health and well-being and has prevented plaintiff from attending to her regular duties and carrying on her usual work, all to the damage of this plaintiff in the amount of One Hundred Thousand Dollars ($100,000.00)."
Plaintiff alleges that unless defendants are restrained by the court, they will continue to display her photograph at said stores to her irreparable injury. She asks damages and an injunction.
[1] The demurrers are general on the assigned ground that the complaint does not state facts sufficient to constitute a cause of action. A demurrer on that ground presents only one question; namely, "Does the law, assuming the facts to be true as stated, give the plaintiff any right to demand anything of the defendant; or, conversely, do the facts cast on the defendant any legal duty toward the plaintiff?" Denison, Code Pleading, § 198. "Such demurrer cannot be sustained to a complaint which shows a right to any kind of relief." Id. InStratton v. Beaver Farmers' Canal Ditch Co., 82 Colo. 118,257 Pac. 1077, we said: "If, then, the facts stated were sufficient to justify any sort of relief for plaintiff, *Page 502 
the demurrer could not rightfully be sustained on this latter ground [i. e., insufficient facts]." To the same effect, see: Bayless v. Kansas Pacific Ry. Co., 13 Colo. 181,196, 22 Pac. 341; Herfort v. Cramer, 7 Colo. 483,4 Pac. 896; Bliss on Code Pleading, § 425. In 21 R. C. L., p. 519, it is said that "a complaint, to be bad on [general] demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained." See the many cases there cited.
In order to determine whether or not the action of the trial court in sustaining the demurrers was right, we must analyze the complaint to see whether its allegations state a cause of action — not a cause of action in tort alone, but any cause of action. If the allegations are true, do they justify a recovery on any theory? If they do, it was error to sustain the demurrers.
[2, 3] When plaintiff employed defendant Ware as photographer to take her photograph an implied contract arose that Ware would not make a commercial use of plaintiff's picture or photograph. 21 R. C. L. 1199, § 4, thus states the rule: "Another form of wrong involving in effect an invasion of a person's right to privacy is seen in cases where a person employed to make a portrait makes additional copies thereof for exhibition or distribution among others than his patron. Recovery is generally permitted in such a case, but it is usually made to rest on the contractual relation existing between the parties, the courts holding that there is an implied contract to make no additional copies for such use, although some cases assert the additional grounds of violation of confidence, right of privacy, and right of property." See, also, Fitzsimmons v. Olinger Mortuary Ass'n, 91 Colo. 544,17 P.2d 535.
When plaintiff later purchased the showcase copy and refused Ware's request for permission to use her photograph for display or advertising, stating that she was purchasing that copy for the reason that she did not *Page 503 
desire that her photograph should be exposed to the public, the transaction amounted to a purchase by her upon the condition stated; in other words, it amounted to an express contract that her photograph should not be used for display or advertising purposes. The situation resembles that presented in Fitzsimmons v. Olinger MortuaryAss'n, supra, where plaintiff told defendant that she did not desire "any undue publicity or notoriety."
The contract in suit was breached in the manner stated above. It was not a mere passive breach, but was intentional, and without any legal justification or excuse, and therefore was malicious. 15 R. C. L., pp. 54, 56; 26 Id., p. 775; 13 C. J., p. 714. It was willful and wanton, and therefore within the rule allowing substantial damages for mental suffering alone. Fitzsimmons v. Olinger MortuaryAss'n, supra; Hall v. Jackson, 24 Colo. App. 225,134 Pac. 151. But even if the breach were not malicious or wanton or willful, the allegations of the complaint would entitle plaintiff to nominal damages (Hall v. Jackson,supra); hence the complaint is not demurrable for insufficient facts. Furthermore, the complaint states a cause of action for an injunction against Ware.
The complaint also states a cause of action for an injunction against the Groceteria Company and the Coffee Company, hence their demurrer should have been overruled. According to the complaint, they conspired with Ware to injure plaintiff's feelings and embarrass and distress her by exhibiting plaintiff's photograph for commercial purposes in their places of business without her consent, thereby inducing a breach of at least the implied contract between plaintiff and Ware. See Weberv. Nonpareil Baking Co., 85 Colo. 232, 236, 274 Pac. 932. They did so intentionally and without any legal justification or excuse, and therefore maliciously. 15 R. C. L., pp. 54, 56; 26 Id., p. 775; 13 C J., p. 714. They will continue to do so unless restrained by decree of court.
It is suggested that the cause of action against the Groceteria Company and the Coffee Company is not in *Page 504 
contract, but in tort. But that does not require a different disposition of the case presented by the record. The demurrers filed by those companies were not for misjoinder either of parties or of causes of action, but were based on the alleged ground that the complaint does not state facts sufficient to constitute any cause of action against those companies.
As we have seen, the complaint states a good cause of action against defendants. It therefore is unnecessary, though it may be interesting, to discuss the much debated question whether a person has a legal right of privacy, as such, and, if so, when and to what extent he has a right to relief for the violation of that right. The former opinion is withdrawn.
The judgment is reversed.
MR. JUSTICE BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND dissent.