567 P.2d 814 (1977)
Timothy W. TOWNS, Tawnya E. Towns, by and through their mother and next friend, Nancy E. Towns, personally, and Mark F. Towns, Plaintiffs-Appellants,
v.
Delbert M. ANDERSON, d/b/a Anderson Plumbing & Heating Company, and Greeley Gas Company, a Colorado Corporation, Defendants-Appellees.
No. 76-698.
Colorado Court of Appeals, Div. II.
May 19, 1977.
Rehearing Denied June 9, 1977.
Certiorari Granted August 8, 1977.
*815 David L. Kofoed, P.C., Roger T. Castle, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Edward H. Widmann, Denver, for defendant-appellee Delbert M. Anderson d/b/a Anderson Plumbing & Heating Co.
Zarlengo, Mott & Zarlengo, Craig C. Eley, Denver, for defendant-appellee Greeley Gas Co.
ENOCH, Judge.
Plaintiff Timothy W. Towns appeals the dismissal of his negligence claim against defendants, Delbert M. Anderson and Greeley Gas Co. We affirm.
Plaintiff's claim arose from a gas explosion which occurred as a result of defendants' negligence. Plaintiff, who was eleven at the time, had been inside his house with his sister when he smelled gas, and decided to go outside. Plaintiff had just stepped from the front porch of the house when the gas exploded. Plaintiff saw and heard the explosion and ensuing fire which destroyed the house, and he also heard the screams of his sister who was still inside the house at the time and who did suffer some physical injury. Plaintiff received no direct physical injuries, such as cuts, bruises, broken limbs, or burns.
The trial court recognized that there was sufficient evidence to support a finding that plaintiff did suffer mental and psychological injuries which manifested themselves in physical problems, such as nightmares and nervousness, but dismissed plaintiff's claim on the grounds that in a negligence action recovery cannot be had for injuries arising from mental fright, unless such mental fright arises in connection with the infliction of physical injuries or physical impact. It is from this ruling that plaintiff appeals.
Plaintiff claims that this is an issue of first impression in Colorado. We disagree.
The case of Hall v. Jackson, 24 Colo.App. 225, 134 P. 151, early set out the law in Colorado on recovery for mental suffering which is not occasioned by a physical injury or impact. The court in Hall was specifically deciding the case where negligent breach of contract caused plaintiff severe mental anguish, but the case exhaustively examines the law on recovery for mental anguish other than that occasioned by physical injury, and concludes that:
It may be said with safety that at common law no action could be maintained to recover for mental suffering in the absence of bodily injury occasioning such suffering.
Hall recognized several exceptions to this rule, but concluded that either a physical injury must occasion the mental suffering or there must be wilfull, wanton, insulting, or malicious conduct by a defendant before damages for mental suffering can be recovered.
Numerous other Colorado cases have recognized that recovery for mental suffering alone may be had only when defendant's acts are intentional, wilfull, wanton, or malicious. See Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753; McCreery v. Miller's Groceteria Co., 99 Colo. 499, 64 P.2d 803; *816 Fitzsimmons v. Olinger Mortuary Association, 91 Colo. 544, 17 P.2d 535; Sager v. Sisters of Mercy, 81 Colo. 498, 256 P. 8; Bleecker v. Colorado & Southern R.R., 50 Colo. 140, 114 P. 481. These cases include both actions in tort and actions for breach of contract.
However, where the conduct alleged or shown is only negligent, recovery for emotional distress generally has not been allowed, either in tort or for breach of contract. See Valley Development Co. v. Weeks, 147 Colo. 591, 364 P.2d 730; Blackwell v. Del Bosco, 35 Colo.App. 399, 536 P.2d 838; McNeill v. Allen, 35 Colo.App. 317, 534 P.2d 813; Hall v. Jackson, supra. But see Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689.
In Valley Development Co. v. Weeks, supra, the court, after citing numerous situations where recovery for mental suffering was allowed, relied on Hall as grounds for denying recovery for emotional suffering caused by defendant's tortious negligent damage of plaintiff's real property.
In view of the conclusion of Hall v. Jackson, supra, that recovery cannot generally be had in the absence of physical impact, and in view of the fact that negligent infliction of severe emotional distress was not among the numerous exceptions to the general rule denying recovery which were stated in Valley Development Co. v. Weeks, supra, we must conclude that physical injury or impact is a necessary element under Colorado law for recovery of damages for mental suffering and anguish caused by a defendant's simple negligence, even when such suffering manifests itself in physical symptoms.
Judgment affirmed.
SILVERSTEIN, C. J., concurs.
RULAND, J., dissents.
RULAND, Judge, dissenting.
I respectfully dissent.
While I recognize that the "impact" requirement appears to have been adopted in this jurisdiction, see Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753 (1970), I do not believe it was intended to be an absolute prerequisite to recovery in all cases. See, e. g., Westesen v. Olathe State Bank, 78 Colo. 217, 240 P. 689 (1925).
Historically, the impact requirement for recovery of damages resulting from emotional distress was based upon two primary considerations. First, emotional injuries were deemed speculative and difficult to either prove or disprove; thus, the impact requirement was considered as a test of credibility for a claim of emotional distress. Secondly, it was believed that elimination of the impact requirement would result in a flood of litigation which would overburden already crowded dockets. See generally Annot. 64 A.L.R.2d 100.
In overruling a prior decision which had adopted the impact requirement, the New York Court of Appeals aptly described the status of that concept in modern jurisprudence as follows:
"[I]t has been thoroughly repudiated by the English courts which initiated it, rejected by a majority of American jurisdictions, abandoned by many which originally adopted it, and diluted, through numerous exceptions, in the minority which retained it." Battalla v. State, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729 (1961).
The objection that emotional distress claims are difficult to prove without attendant physical injury has been carefully analyzed and repudiated. As is pointed out in Niederman v. Brodsky, 436 Pa. 401, 261 A.2d 84 (1970):
"While we agree that [medical impossibility of proving causation] might have been an appropriate conclusion . . . in the medical field when the impact doctrine was first announced in 1888, it would presently be inappropriate for us to ignore all of the phenomenal advances medical science has achieved in the last eighty years. Today . . . the effects of hyperemotional states of the human body no longer are shrouded in mystery or myth."

*817 "New equipment and research, improved education and diagnostic techniques, and an increased professional understanding of disease in general require us now to give greater credit to medical evidence."
Similarly, the argument for retaining the impact requirement based upon crowded dockets has been soundly rejected by most courts because "the fundamental concept of our judicial system [is] that any such increase should not be determinative or relevant to the availability of a judicial forum. . . ."
In sum, "a rigorous application of [the impact rule] would be unjust, as well as opposed to experience and logic," Battalla v. State, supra, and the facts in the case at hand vividly demonstrate this injustice. Plaintiff's sister, who was inside the residence and received minor bruises and cuts, is entitled to recover damages for emotional distress while the plaintiff, who was adjacent to the structure at the time of the explosion but received no cuts or bruises, has no recourse. Thus, I would hold that the impact requirement is not applicable in this case and would address the question of which test of recovery should now be adopted. See, e. g., Hopper v. United States, 244 F.Supp. 314 (D.C.Colo.1965) (discussing a "foreseeability" test); Wallace v. Coca-Cola Bottling Plants, Inc., Me., 269 A.2d 117 (1970) (discussing the "objective symptomatology" test); Toms v. McConnell, 45 Mich. App. 647, 207 N.W.2d 140 (1973) (discussing the "zone of danger" concept).