## No. C-1290

**Timothy W. Towns, by and through his mother and next friend, Nancy E. Towns v. Delbert M. Anderson, d/b/a Anderson Plumbing and Heating Company, and Greeley Gas Company, a Colorado corporation**

(579 P.2d 1163)

Decided June 12, 1978.

David L. Kofoed, Roger T. Castle, for petitioner.

Yegge, Hall & Evans, Edward H. Widmann, for respondent Anderson.

Zarlengo, Mott and Zarlengo, Craig C. Eley, Donald E. Cordova, for respondent Greeley Gas Company.

Irvin M. Kent, Kenneth N. Kripke, for amicus curiae Colorado Trial Lawyers Association.

Bruce F. Fest, for amicus curiae Colorado Defense Lawyers Association.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case raises the issue of whether Colorado should adopt or reaffirm the so-called impact requirement in cases of negligently inflicted emotional distress where that distress has resulted in serious physical manifestations. The district court dismissed plaintiff's action for failure to prove any physical injury or impact sustained at the scene of the accident. The court of appeals affirmed. 39 Colo. App. 332, 567 P.2d 814 (1977). We reverse.

On July 5, 1974, the home in which plaintiff lived with his family was destroyed by an explosion and fire. At the time, plaintiff was eleven years old. He had apparently been inside the house with his sister when, alerted by the smell of gas, he decided to go outside. While standing just off the front porch of the house, plaintiff witnessed the explosion, the lifting of the house off its foundation, and the ensuing fire. He also heard the screams of his sister who had remained inside the house.

Although plaintiff did not suffer any direct physical injury at the scene of the accident and did not sustain any direct physical impact to his body, he allegedly did sustain very serious emotional, psychological and psychiatric injuries. According to plaintiff, these injuries later manifested themselves in physical problems including nightmares, sleepwalking, nervousness and irritability.

While acknowledging the sufficiency of plaintiff's offer of proof with respect to the above injuries, the trial court would not allow the case to go to the jury. The jury did consider the independent claims of plaintiff's mother, brother, and sister, and in connection with these claims determined that the destruction of the family residence was due to the defendants' negligence.

In affirming the trial court's dismissal of this case, the majority opinion of the court of appeals relied primarily upon *Hall v. Jackson,* 24 Colo. App. 225, 134 P.151 (1913). Much time has been spent in the briefs of the parties' discussing whether *Hall,* in fact, adopted the impact requirement with respect to tort actions of the nature in this case. We believe the exact scope of *Hall* is somewhat ambiguous, but to the extent *Hall* is inconsistent with the views expressed in this opinion, it is specifically overruled. While recognizing the importance of *stare decisis* to our system of jurisprudence, we note at the same time that the strength of the common law has always been its responsiveness to the changing needs of society.

Traditionally, a number of rationales have been offered in support of the impact rule. It has been argued that emotional damages are simply too speculative, and the possibility of fraudulent claims too high, to permit naked claims of emotional distress. In recent years, however, the medical profession has made tremendous advances in diagnosing and evaluating emotional and mental injuries. While psychiatry and psychology may not be exact sciences, they can now provide sufficiently reliable information concerning causation and treatment of psychic injuries, to provide a jury with an intelligent basis for evaluating a particular claim. In this light, we are confident that juries are capable of assessing whether a claim is concocted and fictitious or, in fact, real.

We think a more reasonable approach to the area of emotional distress injuries is provided in the *Restatement (Second) of Torts* (1965). *Restatement (Second) of Torts,* §436A (1965) states:

"Negligence Resulting in Emotional Disturbance Alone

"If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance."

As indicated in Comment c, however, the rule established in this subsection was not meant to apply where the emotional distress results in physical manifestations or mental illness as is the case presented by the evidence here:

"On the other hand, long continued nausea or headaches may amount to physical illness, which is bodily harm; and even long continued mental disturbance, as for example in the case of repeated hysterical attacks, or mental aberration, may be classified by the courts as illness, notwithstanding their mental character."

Where the emotional distress has thus manifested itself in some form of physical or mental illness, §436(2) is directly applicable:

"(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright,

shock, or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability."

Comment b explains this subsection as follows:

"b. The statement in this Subsection applies when the actor's conduct is negligent because of the risk that it will cause bodily harm by immediate impact or in any other manner except through the internal operation of a possible or probable emotional disturbance, and the other by good chance escapes the threatened harm but is so frightened or shocked as to miscarry or otherwise to be made ill."

This is precisely plaintiff's claim as shown by his offer of proof.

■ We hereby adopt the Restatement approach and join the majority of states in abolishing the impact requirement in cases of this nature. *See, Restatement (Second) of Torts,* §436(Appendix) for a complete list of cases and jurisdictions adopting the Restatement rule. In so doing, we specifically note that we are here concerned only with a plaintiff who himself is subjected to an unreasonable risk of bodily harm due to the negligence of another. We are not presented with, and we do not reach, the situation of the individual who suffers bodily harm due to emotional distress as the result of harm or peril to a third person occurring in his presence. *See, Restatement (Second) of Torts,* §436(3) and Comment h.

The decision of the court of appeals is reversed and the cause returned to it with directions to remand the case to the district court for further proceedings consistent with the views expressed in this opinion.