**James P. CAMPBELL, by his father and next friend, Richard O. Campbell, Plaintiff-Appellant and Cross-Appellee,**

v.

**Andra JENKINS, Defendant-Appellee and Cross-Appellant.**

**No. 78–573.**

Colorado Court of Appeals, Div. II.

Dec. 20, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Denied March 17, 1980.

Montgomery, Little, Young, Campbell & McGrew, P. C., J. Bayard Young, Denver, for plaintiff-appellant and cross-appellee.

John M. Franks, Denver, for defendant-appellee and cross-appellant.

STERNBERG, Judge.

Plaintiff James Campbell, by his father and next friend, sued defendant Andra Jenkins under theories of outrageous conduct, intentional infliction of emotional distress, and common law assault. The action sought both actual and exemplary damages. At the conclusion of plaintiff's case, the court dismissed the claims of outrageous conduct and intentional infliction of emotional distress, and allowed the case to continue on the theory of common law assault. There being no proof of any physical injury nor of actual damages, the court withdrew from the jury's consideration the issues of actual or exemplary damages and instructed only on nominal damages. The jury found for the plaintiff and awarded damages of $1.00. On appeal, we affirm.

In this appeal plaintiff's only contention is that the court erred in limiting his recovery to nominal damages on the assault claim. He argues that the jury should have been permitted to consider awarding him actual and exemplary damages. Defendant cross-appeals asserting that if there is to be a new trial, it should include the issue of liability. Defendant also asserts other error relating to instructions and rulings on evidence.

Plaintiff Campbell and defendant Jenkins live in homes on opposite sides of a residential street in Denver. A pile of sand was located in the street in front of the Jenkins' home because of construction work being performed in that house. The 11-year-old plaintiff was playing in the sandpile with other children. Defendant Jenkins drove an automobile toward her residence, pulled into the driveway, stopped, discharged passengers, backed up and then drove forward a short distance toward the sandpile. The Campbell's evidence tended to prove that as the car approached the sandpile it screeched to a stop very close to where the boy was playing on top of the pile. The Jenkins' version differed in that it was asserted that the Jenkins' car was pulled up in the general vicinity of the sandpile to be parked, there to serve as a buffer preventing automobiles traveling on the street from striking the pile.

No evidence was presented of any striking of the boy, nor that he suffered any physical harm. The testimony was that he was frightened, and looked scared and surprised after the incident. There was no evidence that the fright manifested itself in any physical or mental problems, nor that any medical assistance had been sought. In *Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978), the Supreme Court, in dealing with a *negligent* infliction of emotional distress, held that recovery could be had for emotional injuries even though there was no actual impact. However, recovery may be had in such situations only "[w]here the emotional distress has thus manifested itself in some form of physical or mental illness." Examples of such are given as long continued nausea, headaches, or mental disturbance. *Towns, supra.*

Campbell argues that the rule of *Towns* is inapplicable because assault, the tort involved here, is an intentional one. The rule, however, relates to damages and not to the substantive aspects of the tort involved. Thus we see no logic in adopting a different rule of damages in the case of the intentional tort of assault. Contrary to Campbell's argument, the evidence of fright alone was insufficient to support an award of actual damages. Therefore, the trial court was correct in instructing the jury only on nominal damages.

There being no evidence of actual damage, the court properly did not instruct on such damages. Also, because of the lack of proof of actual damages, the court was correct in not instructing on exemplary damages. Section 13–21–102, C.R.S.1973; *Ress v. Rediess*, 130 Colo. 572, 278 P.2d 183 (1954).

Jenkins' contentions of error raised on cross-appeal are without merit.

The judgment is affirmed.

SILVERSTEIN and RULAND, JJ., concur.