Barbara J. HEALY, individually as surviving spouse of Edward J. Healy, deceased, and as the natural mother and next friend of Edward Michael Healy and Mark Christian Healy, the surviving children of Edward J. Healy, deceased, and as personal representative of the Estate of Edward J. Healy, deceased, Plaintiffs,

v.

Franklin L. COUNTS; David B. Paul, M.D.; Douglas C. Shenk, M.D.; Harry J. Peroulis; Michael Lyle Maxson; Kurt Douglas Cruickshank; Douglas Brian Rickman; Elizabeth Smith; Terry Michael McCarty; Board of County Commissioners of the County of Routt, Colorado; The Routt County Emergency Services Board; City of Harden, Colorado, a municipal corporation; Steamboat Springs Hospital Association, d/b/a Routt Memorial Hospital, Inc., a Colorado non-profit corporation, Madelyn Johnston Rogers; Joan Haas; and Nola E. Howard, Defendants.

Civ. A. No. 82–K–115.

United States District Court, D. Colorado.

April 6, 1982.

Susan G. Barnes, Joseph J. Branney, Branney, Hillyard, Ewing & Barnes, Englewood, Colo., for plaintiffs.

William Horan, Denver, Colo., for Franklin Counts.

F. Michael Ludwig, Denver, Colo., for Rickman, Smith, McCarty and Routt County Emergency Services Bd.

David R. Brougham, Hall & Evans, Denver, Colo., for Cruickshank and City of Harden.

Paul D. Cooper, Denver, Colo., for David B. Paul, M.D.

John L. Breit, Denver, Colo., for Madelyn Johnston Rogers.

Peter W. Pryor, Pryor, Carney & Johnson, Englewood, Colo., for Dougles C. Shenk, M.D.

Donald G. Peterson, Denver, Colo., for Michael Lyle Maxson.

Arthur S. Bowman, Sr., Denver, Colo., for Harry Peroulis, Michael Maxson, Franklin L. Counts.

Donald A. Thorpe/Carl A. Fosnes, Denver, Colo., for Routt Memorial Hospital.

Richard W. Laugesen, DeMoulin, Anderson, Campbell & Laugesen, P. C., Denver, Colo., for Harry J. Peroulis.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity case the plaintiffs seek damages based on several causes of action allegedly stemming from the death of Edward J. Healy, the former husband of one of the plaintiffs and the father of the other two plaintiffs.

On March 17, 1982 the plaintiffs filed a motion to amend their complaint to make some minor changes and to delete one of the defendants, Lawrence Bookman. I now grant that motion.

On February 18, 1982 defendants Rickman, Smith, McCarty, and Board of County Commissioners of Routt County moved to dismiss the 19th, 20th and part of the 21st claims for relief in the original complaint. Later, on March 9, 1982, defendant Routt County Emergency Services Board joined in this motion to dismiss. Because these claims have been re-stated with only minor modifications in the amended complaint's 19th, 20th 21st, and 22nd claims for relief, I will consider the motion to dismiss applied to those claims.

On March 17, 1982 the plaintiffs also filed a confession of the motion to dismiss, insofar as it stated a claim for punitive damages against two public entities, the Board of County Commissioner of Routt County and the Routt County Emergency Services Board, because these claims are barred by C.R.S. § 24-10-114(4). The amended complaint's 22nd claim for relief appears to attempt to state a claim for punitive damages against these two public entities. To the extent it does so, it is dismissed.

The remaining issues, which the parties have not been able to resolve, involve allegations of intentional infliction of emotional distress. The amended complaint's 19th claim alleges that defendants Rickman, Smith and McCarty intentionally caused emotional distress to the decedent, Edward J. Healy. In particular, the complaint alleges that these defendants were employed by Routt County and the Routt County Emergency Services Board, that they received notice that the decedent required emergency ambulance service, but failed to respond promptly and that this delay proximately caused the decedent injuries, and ultimately, his death. The 20th claim alleges the same cause of action against the Board of County Commissioners of Routt County and the Routt County Emergency Services Board under the doctrine of *respondeat superior*. The 21st claim alleges that these same events caused emotional distress directly to the plaintiffs.

These defendants moved to dismiss, arguing that the plaintiffs cannot succeed on this claim because they were not present for any of these events. In support of this proposition, they cite the unpublished opinion of Judge Arraj, *Holtz v. United Airlines*, Civil Action No. 76–A–513 (D.Colo. June 2, 1977), which held, relying on Rest.2d (Torts) § 46(2), that a plaintiff could not succeed in an emotional distress claim if he was not present at the scene of the alleged outrageous conduct.[1] In their answer brief, the plaintiffs argue that they are now alleging two separate claims. The first, based on the survival statute, C.R.S. § 13–20–101, is that these defendants intentionally inflicted emotional distress directly on the decedent. The second is based on the plaintiffs' own emotional distress. The plaintiffs candidly admit that Colorado courts have never recognized this second claim, where, as here, the plaintiffs were not present, but argue that such a cause of action should be allowed under the evolving case law.

The Colorado survival statute, C.R.S. § 13–20–101(1), provides that all tort actions, except defamation, survive the death of the injured party. *Espinoza v. O'Dell*, Colo., 633 P.2d 455, 466 (1981), *cert. granted on other grounds*, —— U.S. ——, 102 S.Ct. 969, 71 L.Ed.2d 109 (1981).

> The personal representative of the decedent's estate, by necessity, stands in the decedent's shoes in a state survival action. . . .

> A surviving tort claim under section 13–20–101(1) need not bear a causal relation to the decedent's death. In contrast to a wrongful death action, the decedent's death is not the event which triggers the creation of the claim. Rather, suit is brought in spite of the injured party's death 'to prevent certain actions or causes of action *already accrued* from abating by reason of the death of either of the parties.'

633 P.2d at 466 (emphasis in original, citations omitted).

In *DeCicco v. Trinidad Area Health Association*, 40 Colo.App. 63, 573 P.2d 559, 561–62 (1977), the court upheld a jury finding of outrageous conduct where the defendants refused to provide ambulance service to the plaintiff's wife, while the plaintiff was with her, and where the ensuing delay may have caused her death. In *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 780 (D.Colo. 1982), I concluded that an action for intentional infliction of emotional distress could be "predicated on public or quasi-public officials severely abusing their duties and responsibilities." Accepting the facts pleaded in the complaint as true, as I must on this motion to dismiss, I hold that the plaintiffs have alleged a cause of action under the Colorado survival statute, for intentional infliction of emotional distress on the decedent.

Rest.2d (Torts) § 46(2)(a) provides:

---

1. On page 4 of that slip opinion, Judge Arraj wrote:

   Additionally, the complaint fails to allege that Mrs. Holtz was present while this emotional distress was being inflicted upon the plaintiff. The absence of such an allegation is by itself fatal to her claim. *See* Section 46(2).

(2) Where [extreme and outrageous] conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family *who is present at the time,* whether or not such distress results in bodily harm.

(emphasis added). Although this appears clearly to preclude recovery by the plaintiffs in the present case on their theory that the defendants directly and intentionally inflicted emotional distress on the plaintiffs, the plaintiffs argue that this narrow rule should be expanded to allow recovery. In support of this contention, they cite comment 1, which states, in relevant part:

The cases thus far decided, however, have limited such liability to plaintiffs who were present at the time, as distinguished from those who discover later what has occurred. The limitation may be justified by the practical necessity of drawing the line somewhere, since the number of persons who may suffer emotional distress at the news of an assassination of the President is virtually unlimited, and the distress of a woman who is informed of her husband's murder ten years afterward may lack the guarantee of genuineness which her presence on the spot would afford. *The Caveat is intended, however, to leave open the possibility of situations in which presence at the time may not be required.*

(emphasis added). The plaintiffs accordingly argue that, although no Colorado court has yet made this expansion, an evolving body of Colorado decisions indicates this trend.

In *Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978), the Colorado Supreme Court rejected the "impact rule" in cases seeking damages for the negligent infliction of emotional distress. That rule had required a plaintiff to prove that some physical impact or injury was sustained at the scene of the accident before he could collect damages for negligently inflicted emotional distress. *Id.* at 519, 579 P.2d at 1164. The court rejected this rule and adopted Rest.2d (Torts) § 436(2), which allows recovery of physically manifested emotional damages if the plaintiff was in danger of receiving bodily harm from the defendant's negligence. *Id.* at 519–20, 579 P.2d at 1165.

The plaintiffs argue that the *Towns* decision indicates that the Colorado Supreme Court intended to extend tort liability to include intentional infliction of emotional distress cases where the plaintiff was not present at the scene. I reject this argument. In this diversity case I must apply Colorado substantive law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Rugg v. McCarty,* 173 Colo. 170, 177, 476 P.2d 753, 756 (1970), the Colorado Supreme Court stated:

We recognize that an action in tort will lie to recover damages for severe emotional distress without any accompanying physical injury, *subject to the limitations as set forth in Restatement (Second) of Torts § 46* (1965).

(emphasis added). Because the later *Towns* decision also merely adopted a Restatement provision, and did not extend it, I conclude that there is no indication that the Colorado courts would extend actions for intentional infliction of emotional distress beyond those allowed by Restatement, Section 46(2)(a).[2]

IT IS ORDERED that the plaintiffs' motion to amend their complaint is granted. It is further

ORDERED that defendants' Rickman, Smith, McCarty and Board of County Commissioners of Routt County and Routt County Emergency Services Board's motions to dismiss are granted in part and denied in part. With respect to the amended complaint's 19th and 20th claims for relief, the motion to dismiss is denied. The 21st claim for relief is dismissed. Insofar

---

**2.** See also *Holtz v. United Airlines,* Civil Action No. 76–A–513 (D.Colo. June 2, 1977), Slip Op. at 4. In this case, decided before *Towns v. Anderson,* Judge Arraj reached the same result as I reach today. The relevant part of his unpublished opinion is quoted in footnote 1 *supra.*

as the 22nd claim for relief states a claim against the Board of County Commissioners of Routt County or the Routt County Emergency Services Board, it is dismissed. It is further

ORDERED that the aforementioned defendants shall answer the amended complaint within 10 days of the date of this order.