Stewart C. MATHEWS and Cynthia D.
Mathews, Plaintiffs–Appellees,

v.

LOMAS & NETTLETON COMPANY, a
foreign corporation,
Defendant–Appellant.

No. 85CA1146.

Colorado Court of Appeals,
Div. III.

March 24, 1988.

Raymond J. Miller, Timothy LaQuey,
Denver, for plaintiffs-appellees.

Berenbaum & Weinshienk, Peter R.
Bornstein, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Lomas & Nettleton Company (lender), appeals the judgment entered on a jury verdict in favor of the plaintiffs, Stewart C. Mathews and Cynthia D. Mathews. We reverse and remand for a new trial.

The Mathews purchased a home in 1978 for $84,800 and procured a Veterans Administration (VA) guaranteed mortgage for $81,100. In 1979, lender purchased the loan. There was a history of late payments on the mortgage by the Mathews, but this suit relates to misapplication of the payment due on November 1, 1981. That payment was not credited to the Mathews loan. Employees of lender asked for, but did not receive, a copy of the cancelled check from the Mathews.

Under VA regulations, future payments could not be accepted because they did not equal more than half of the total amount delinquent; thus, checks in December of 1981 and January of 1982 were returned by lender to the Mathews, and the lender notified the VA that the loan was in default. In February 1982, however, the Mathews paid the lender more than 50% of the delinquency and the payment was applied to the November and December 1981 payments. The lender then reported to the VA that the loan had been reinstated.

The loan went into default again in April 1982, because of failure to credit the November 1981 payment, and a second notice of default was sent. The default was again cured by payment of more than 50% of the delinquency. On advice of counsel,

the Mathews refused to make any payments after June 1, 1982, and the lender commenced foreclosure proceedings when the loan was six months overdue. However, the Mathews sold the home for $119,000 in January 1982, prior to foreclosure being completed, and the new purchasers assumed the loan.

The Mathews filed this suit asserting claims for outrageous conduct, breach of contract, and tort based on negligent administration of a contract. Only after the suit was filed, in response to a request for production of documents, did the Mathews produce a copy of a check dated October 28, 1981, proving that, in fact, the November 1981 payment had been made. When supplied with this check copy, the lender was able to determine that it had erroneously credited the payment to a similarly numbered account, and lender admitted at trial that the amount of the misapplied payment, plus late charges, was properly due to the Mathews.

The case was tried to a jury. It found in favor of lender on the outrageous conduct claim and also declined to award punitive damages. The court had directed a verdict for the Mathews on the breach of contract claim, and the jury assessed damages at $1,283.58. No appeal is taken as to the judgments entered on those verdicts.

On the negligence claim, the jury found the lender to be 60% negligent, and the Mathews 40% negligent. It assessed damages at $35,000, thus resulting in a net verdict on this claim for $21,000.

■ The lender's principal contention of error on appeal is that the court erred in allowing the jury to consider emotional distress as an element of damages on the tort as well as on the outrageous conduct claim. We agree.

The verdict on the negligence claim cannot stand. The jury rejected the outrageous conduct claim, but awarded substantial damages on the negligence claim. That award was quite likely based on a damage instruction which improperly allowed the jury to consider emotional distress as an element of damages on all claims, not just the outrageous conduct claim.

Testimony was presented that the lender's conduct caused the Mathews to suffer emotional distress, which led, *inter alia,* to the frustration of an attempted reconciliation of their already disrupted marriage. This testimony was received, over objection of the lender, as being relevant on the outrageous conduct claim, but not on the tort and contract claims. The Mathews also testified that lender's conduct led to diminished profit in the ultimate sale of the house of some $20,000, and indicated that their credit rating had suffered.

■ By the rule announced in *Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978), recovery for emotional distress is permitted if there are physical manifestations or mental illness when a plaintiff is subjected to an unreasonable risk of bodily harm because of the negligence of another. *See also Slovek v. Board of County Commissioners,* 697 P.2d 781 (Colo.App.1984), *aff'd on other issues,* 723 P.2d 1309 (Colo. 1986).

Here, there was no evidence that the lender's conduct subjected the Mathews to an unreasonable risk of bodily harm; thus, even if negligent, the lender's acts could not properly serve as a basis for recovery for emotional distress on the tort claim. *See Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984); *Adams v. Frontier Airlines Federal Credit Union,* 691 P.2d 352 (Colo.App.1984).

■ The difficulty with this case is that, while the trial court recognized that damages for emotional distress were appropriate on the outrageous conduct claim, but not on the negligence claim, the instructions on damages to the jury did not make this distinction clear. Although the jury found in favor of the lender on the outrageous conduct claim, it returned a verdict of $35,000 on the negligence claim. The only significant evidence of damages to explain a verdict of this size is that relating to different forms of emotional distress. Had the jury verdict been for $20,000, it could be argued that it was based on the testimony of diminished profit in the ulti-

mate sale of the house, but because the verdict exceeded that figure, it is apparent that the jury confused the law of damages relating to outrageous conduct with that appropriate in a negligence action.

The judgment is reversed and the cause is remanded for a new trial on the tort claim based on negligent administration of a contract.

VAN CISE and JONES, JJ., concur.